IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARRINGTON K. JOSEPH, | : | Civil No. 1:24-CV-01532 |
| Plaintiff, | : | |
| v. | : | |
| TERRI KELLY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the amended complaint filed by Carrington K. Joseph ("Plaintiff") pursuant to 42 U.S.C. § 1983. (Doc. 14.) Plaintiff is raising claims under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments based on his receipt of legal mail via fax from the State Correctional Institution Mahanoy ("SCI-Mahanoy") while he was temporary housed at Lancaster County Prison. (*Id*.) Following a screening of the complaint pursuant to 28 U.S.C. § 1915A, the court will dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted and Plaintiff will be granted leave to amend his complaint one final time.

## BACKGROUND

On September 10, 2024, the court received and docketed Plaintiff's complaint and a motion to proceed *in forma pauperis*. (Docs. 1, 2.) Plaintiff is an inmate currently housed at SCI-Mahanoy in Frackville, Pennsylvania. On October

1

11, 2024, the court denied Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 9.) Plaintiff later paid the filing fee in full, and the court deemed the complaint filed. (Doc. 12.)

The original complaint named the following five defendants: (1) Terri Kelly ("Kelly"), Mail Inspector Supervisor at SCI-Mahanoy; (2) Faith Walter ("Walter"), Mail Inspector Supervisor at SCI-Mahanoy; (3) Major Michael Dunkle ("Dunkle"), Security (Facility Management) Major of the Guard at SCI-Mahanoy; (4) Kirsa Tobias ("Tobias"), Unite Manager – Housing Unit J at SCI-Mahanoy; and (5) Bernadette Mason ("Mason"), Superintendent/Facility Manager for SCI-Mahanoy. (Doc. 1, pp. 2–3.)[1] Plaintiff alleged that while he was on an Authorized Temporary Absence at Lancaster County Prison on August 24, 2023, non-defendant Mail Clerk Supervisor Mrs. Kennedy shoved mail beneath the door of his cell. (*Id*., p. 4.) After reviewing the mail, Plaintiff realized it was not regular mail, but legal mail. (*Id*.) Plaintiff spoke with non-defendant Correctional Officer T. Kyle ("C.O. Kyle") and asked why he had a copy of his legal mail and not the original court documents. (*Id*.) Plaintiff further alleged that C.O. Kyle explained that SCI-Mahanoy, or someone from SCI-Mahanoy, faxed his legal mail from SCI-Mahanoy to Lancaster County Prison. (*Id*.) Plaintiff alleged that he then asked C.O. Kyle "why would they violate my Constitutional Rights like that?", and C.O.

---

[1] For ease of reference the court uses the page numbers form the CM/ECF header.

2

Kyle told him it was because it was much faster to fax the legal mail rather than forward it through the mail. (*Id.*)

On November 26, 2024, the court screened the complaint and dismissed it because Plaintiff did not allege facts demonstrating the personal involvement of the named defendants. (Doc. 13.) The court granted Plaintiff an opportunity to amend his petition. (*Id.*)

On December 19, 2024, the court received and docketed Plaintiff's amended complaint. (Doc. 14.) This amended complaint realleges the facts of the original complaint, but identifies the named defendants as "speculative" defendants stating that "anyone of the Five Named above will be held accountable/culpable for faxing the Plaintiff's legal mail down to Lancaster County Prison." (*Id.*, p. 3.) Plaintiff also asks the court to order the Superintendent of SCI-Mahanoy to surrender Plaintiff's documents, that a forensic computer tech be hired to retrieve data, that the mailroom policy be provided, and that a private investigator be hired so that Plaintiff can identify the correct defendant in this action. (*Id.*, pp. 3–4.)

The court will now screen the complaint pursuant to 28 U.S.C. § 1915A and dismiss the amended complaint.

## DISCUSSION

Under 28 U.S.C. § 1915A, federal district courts "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental

entity or officer or employee of a governmental entity." The grounds for dismissal under 28 U.S.C. § 1915A include a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *Simonton v. Ryland-Tanner*, 836 Fed. App'x. 81, 83 (3rd Cir. 2020).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint

even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

### A. Plaintiff Has Not Alleged Personal Involvement of the Defendants.

Here, Plaintiff has again not set forth any personal involvement on the part of any of the named defendants in the alleged facts. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.")  Instead, Plaintiff attempts to overcome this pleading flaw by identifying the named defendants as speculative defendants and seeking the assistance of the court in gathering the necessary evidence to identify who is the proper defendant in the action.  (Doc. 14.)

Under similar circumstances where the individual actor cannot be identified, but a supervisor of that actor is identified, several courts have held that a court should not dismiss an otherwise colorable claim against supervisory personnel, who are not alleged to otherwise have personal involvement, until a pro se plaintiff has been afforded an opportunity, at least through limited discovery, to identify the subordinate officials who have personal liability. *Davis v. Kelly*, 160 F.3d 917, 920–21 (2d Cir. 1998).  To this end, the Court of Appeals for the Third Circuit has

5

implicitly sanctioned the use of an employer or supervisor as a placeholder for an unknown defendant for the limited purpose of assisting a pro se plaintiff in obtaining sufficient information to identify the defendant and effectuate proper service. *See Wyatt v. Municipality of Commonwealth of Philadelphia*, 718 Fed. Appx. 102, 103–04 (3d Cir. 2017) (recognizing the difficulties presented where a pro se plaintiff could only provide limited information for the United States Marshals Service for purpose of serving the defendants). Other district courts in this Circuit have adopted the same approach. *See*, *e.g.*, *Ferrara v. Piazza*, 2022 WL 16540671, at *8 (E.D. Pa. Oct. 28, 2022) (retaining the State Parole Office as a "placeholder" defendant so that the pro se plaintiff could "obtain sufficient information to identify the defendants to effect proper service"); *Robinson v. Responding Nurse*, 2022 WL 93678, at *6 (E.D. Pa. Jan. 7, 2022) (maintaining the Secretary of the Department of Corrections as a defendant "for the limited, and sole purpose, of allowing the Marshals Service to serve a copy of the Summonses and the Complaint, along with a copy of this Memorandum and its accompanying Order, so that the Department may assist [plaintiff] in identifying the unnamed Defendants.").

    Here, Plaintiff is not naming a supervisor as a placeholder, but is identifying five individuals who could be liable. Therefore, in the spirit of liberally construing a pro se complaint and the above caselaw, the court will not dismiss this action for

failing to allege the personal involvement of the named defendants. However, the court will dismiss the complaint for failing to state a claim upon which relief may be granted.

### B. Plaintiff Has Not Adequately Pleaded a First Amendment Claim.

Plaintiff does not specifically plead a First Amendment claim. However, in an effort to liberally construe the pro se party's complaint, the court will address any potential First Amendment claim.

Prisoners have a well-established constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). A claim for denial of access to courts requires a showing of actual injury, meaning that a prisoner's "nonfrivolous legal claim" challenging his sentence or conditions of confinement was frustrated or impeded. *Id.* at 353–55; *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). A prisoner alleging interference with his legal mail must demonstrate that the interference hindered his efforts to pursue a legal claim to give rise to a claim for denial of access to the courts. *Oliver v. Fauver*, 118 F.3d 175, 178 (3d Cir. 1997).

Plaintiff does not allege that the opening of his mail outside of his presence hindered his efforts to pursue a legal claim. Therefore, he cannot succeed in a First Amendment claim based on the alleged interference with his mail.

### C. Plaintiff Has Not Adequately Pleaded A Claim Under the Fourth, Fifth, or Fourteenth Amendments.

Any due process claim arising from the opening of Plaintiff's mail outside his presence cannot succeed. Procedural due process rights are only triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Confiscation and/or interference with his mail does not constitute a significant or atypical hardship, and, as such, does not qualify for any procedural protections. *See Caldwell v. Folino*, Civil No. 09-217, 2009 WL 3082524, at *15 (W.D. Pa. June 10, 2009), *report and recommendation adopted*, Civil No. 09-217, 2009 WL 3055298 (W.D. Pa. Sept. 21, 2009) citing *Donovan v. Magnusson*, Civil No. 04-102, 2005 WL 757585, at *2 (D. Me. March 11, 2005) ("Any claims that the opening of his mail out of his presence offended the Fourth or Fourteenth Amendment due process clause must fail, *see Sandin*, 515 U.S. at 483–84 (1995); *Hudson v. Palmer*, 468 U.S. 517 (1984); *Barstow v. Kennebec County Jail*, 115 F. Supp.2d 3, 8 (D. Me. 2000).

The Fifth Amendment due process protections applies to federal inmates. *Shoemaker v. City of Lock Haven*, 906 F. Supp. 230, 237 (M.D. Pa. 1995). Plaintiff is not a federal inmate, but an inmate in a state facility. Therefore, any

due process claim under the Fifth Amendment is not applicable in this action, and any claim under the Fifth Amendment will be dismissed.

### D. Plaintiff Has Not Adequately Pleaded an Eighth Amendment Claim.

The Eighth Amendment protects against excessive bail, excessive fines, and cruel and unusual punishment. U.S. CONST. Amend. VIII. Nothing in the alleged facts concerning the opening of Plaintiff's mail outside of his presence runs afoul of the Eighth Amendment as it does not concern Plaintiff's bail, fines, or punishment. Therefore, all Eighth Amendment claims will be dismissed.

### E. Plaintiff Has Not Adequately Pleaded a Ninth Amendment Claim.

The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. Amend. IX. "The Ninth Amendment refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees." *Gibson v. Pennsylvania Pub. Utilities Comm'n*, No. 1:15-CV-00855, 2015 WL 3952777, at *6 (M.D. Pa. June 18, 2015) (quoting *Bussey v. Phillips*, 419 F. Supp.2d 569, 586 (S.D.N.Y. 2006)); *see also Clayworth v. Luzerne Cnty.*, 513 F. App'x 134, 137 (3d Cir. 2013) (observing that "[t]he Ninth Amendment does not independently provide a source of individual constitutional rights"). Thus, the amended complaint does not state a Ninth Amendment claim upon which relief can be granted.

## CONCLUSION

For the above-stated reasons, the amended complaint in this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A.  Plaintiff will be given a final opportunity to amend his complaint.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: January 27, 2025