## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARRINGTON K. JOSEPH, | : | Civil No. 1:24-CV-01532 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TERRI KELLY, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is the second amended complaint filed by Carrington K. Joseph ("Plaintiff") pursuant to 42 U.S.C. § 1983. (Doc. 21.) Plaintiff is raising claims under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments based on his receipt of legal mail via fax from the State Correctional Institution Mahanoy ("SCI-Mahanoy") while he was temporary housed at Lancaster County Prison. (*Id.*) Plaintiff has also forwarded a series of letters alleging that his attempts to exhaust his administrative remedies have been prevented by the Facility Manager at SCI-Mahanoy and requesting he be allowed to email the court his brief in support of his civil action. (Docs. 22, 23, 24.) Following a screening of the complaint pursuant to 28 U.S.C. § 1915A, the court will dismiss the second amended complaint with prejudice for failing to state a claim upon which relief may be granted.

## BACKGROUND

On September 10, 2024, the court received and docketed Plaintiff's complaint and a motion to proceed *in forma pauperis*. (Docs. 1, 2.) Plaintiff is an inmate currently housed at SCI-Mahanoy in Frackville, Pennsylvania. On October 11, 2024, the court denied Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 9.) Plaintiff later paid the filing fee in full, and the court deemed the complaint filed. (Doc. 12.)

The original complaint named the following five defendants: (1) Terri Kelly ("Kelly"), Mail Inspector Supervisor at SCI-Mahanoy; (2) Faith Walter ("Walter"), Mail Inspector Supervisor at SCI-Mahanoy; (3) Major Michael Dunkle ("Dunkle"), Security (Facility Management) Major of the Guard at SCI-Mahanoy; (4) Kirsa Tobias ("Tobias"), Unite Manager – Housing Unit J at SCI-Mahanoy; and (5) Bernadette Mason ("Mason"), Superintendent/Facility Manager for SCI-Mahanoy. (Doc. 1, pp. 2–3.)[1] Plaintiff alleged that while he was on an Authorized Temporary Absence at Lancaster County Prison on August 24, 2023, non-defendant Mail Clerk Supervisor Mrs. Kennedy shoved mail beneath the door of his cell. (*Id*., p. 4.) After reviewing the mail, Plaintiff realized it was not regular mail, but legal mail. (*Id*.) Plaintiff spoke with non-defendant Correctional Officer T. Kyle ("C.O. Kyle") and asked why he had a copy of his legal mail and not the

---

[1] For ease of reference the court uses the page numbers form the CM/ECF header.

original court documents. (*Id.*) Plaintiff further alleged that C.O. Kyle explained that SCI-Mahanoy, or someone from SCI-Mahanoy, faxed his legal mail from SCI-Mahanoy to Lancaster County Prison. (*Id.*) Plaintiff alleged that he then asked C.O. Kyle "why would they violate my Constitutional Rights like that?", and C.O. Kyle told him it was because it was much faster to fax the legal mail rather than forward it through the mail. (*Id.*)

On November 26, 2024, the court screened the complaint and dismissed it because Plaintiff did not allege facts demonstrating the personal involvement of the named defendants. (Doc. 13.) The court granted Plaintiff an opportunity to amend his petition. (*Id.*)

On December 19, 2024, the court received and docketed Plaintiff's amended complaint. (Doc. 14.) This amended complaint realleged the facts of the original complaint, but identified the named defendants as "speculative" defendants stating that "anyone of the Five Named above will be held accountable/culpable for faxing the Plaintiff's legal mail down to Lancaster County Prison." (*Id.*, p. 3.) Plaintiff also asked the court to order the Superintendent of SCI-Mahanoy to surrender Plaintiff's documents, that a forensic computer tech be hired to retrieve data, that the mailroom policy be provided, and that a private investigator be hired so that Plaintiff can identify the correct defendant in this action. (*Id.*, pp. 3–4.) On January 27, 2025, the court screened the amended complaint pursuant to 28 U.S.C.

§ 1915A and dismissed the complaint for failing to allege the personal involvement of the Defendants and failing to state any constitutional claim. (Doc. 15.) The court granted Plaintiff leave to further amend the complaint. (Doc. 16.)

The court received and docketed Plaintiff's second amended complaint on March 31, 2023. (Doc. 21.) This second amended complaint realleges the facts of the original complaint and further argues that Plaintiff is unable to identify who was responsible for faxing the legal mail. (*Id*.) Plaintiff again renews his request to allow the case to proceed in order to determine who is the liable party. (*Id*.)

The court will now screen the second amended complaint pursuant to 28 U.S.C. § 1915A and dismiss it with prejudice.

## DISCUSSION

Under 28 U.S.C. § 1915A, federal district courts "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The grounds for dismissal under 28 U.S.C. § 1915A include a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *Simonton v. Ryland-Tanner*, 836 Fed. App'x. 81, 83 (3rd Cir. 2020).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

Again, Plaintiff is unable to identify the individuals who took the alleged unconstitutional action – the faxing of his legal mail.  But, regardless of who is

responsible for the faxing of the legal mail, nothing in the second amended complaint raises to the level of a constitutional violation.

## A. Plaintiff Has Not Adequately Pleaded a First Amendment Claim.

Plaintiff does not specifically plead a First Amendment claim. However, in an effort to liberally construe the pro se party's complaint, the court will address any potential First Amendment claim.

Prisoners have a well-established constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). A claim for denial of access to courts requires a showing of actual injury, meaning that a prisoner's "nonfrivolous legal claim" challenging his sentence or conditions of confinement was frustrated or impeded. *Id.* at 353–55; *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). A prisoner alleging interference with his legal mail must demonstrate that the interference hindered his efforts to pursue a legal claim to give rise to a claim for denial of access to the courts. *Oliver v. Fauver*, 118 F.3d 175, 178 (3d Cir. 1997).

Plaintiff does not allege that the opening of his mail outside of his presence hindered his efforts to pursue a legal claim. Therefore, he cannot succeed in a First Amendment claim based on the alleged interference with his mail.

## B. Plaintiff Has Not Adequately Pleaded a Claim Under the Fourth, Fifth, or Fourteenth Amendments.

Any due process claim arising from the opening of Plaintiff's mail outside his presence cannot succeed. Procedural due process rights are only triggered by

deprivation of a legally cognizable liberty interest.  For a prisoner, such a

deprivation occurs when the prison "imposes atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life*."  Sandin v. Conner*,

515 U.S. 472, 484 (1995).  Confiscation and/or interference with his mail does not

constitute a significant or atypical hardship, and, as such, does not qualify for any

procedural protections.  *See Caldwell v. Folino*, Civil No. 09-217, 2009 WL

3082524, at *15 (W.D. Pa. June 10, 2009), *report and recommendation adopted*,

Civil No. 09-217, 2009 WL 3055298 (W.D. Pa. Sept. 21, 2009) citing *Donovan v.

Magnusson*, Civil No. 04-102, 2005 WL 757585, at *2 (D. Me. March 11, 2005)

("Any claims that the opening of his mail out of his presence offended the Fourth

or Fourteenth Amendment due process clause must fail, *see Sandin*, 515 U.S. at

483–84 (1995); *Hudson v. Palmer*, 468 U.S. 517 (1984); *Barstow v. Kennebec

County Jail*, 115 F. Supp.2d 3, 8 (D. Me. 2000)).

The Fifth Amendment due process protections apply to federal inmates.

*Shoemaker v. City of Lock Haven*, 906 F. Supp. 230, 237 (M.D. Pa. 1995).

Plaintiff is not a federal inmate, but an inmate in a state facility.  Therefore, any

due process claim under the Fifth Amendment is not applicable in this action, and

any claim under the Fifth Amendment will be dismissed.

### C. Plaintiff Has Not Adequately Pleaded an Eighth Amendment Claim.

The Eighth Amendment protects against excessive bail, excessive fines, and cruel and unusual punishment.  U.S. CONST. Amend. VIII.  Nothing in the alleged facts concerning the opening of Plaintiff's mail outside of his presence runs afoul of the Eighth Amendment as it does not concern Plaintiff's bail, fines, or punishment.  Therefore, all Eighth Amendment claims will be dismissed.

### D. Plaintiff Has Not Adequately Pleaded a Ninth Amendment Claim.

The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. CONST. Amend. IX.  "The Ninth Amendment refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees."  *Gibson v. Pennsylvania Pub. Utilities Comm'n*, No. 1:15-CV-00855, 2015 WL 3952777, at *6 (M.D. Pa. June 18, 2015) (quoting *Bussey v. Phillips*, 419 F. Supp.2d 569, 586 (S.D.N.Y. 2006)); *see also Clayworth v. Luzerne Cnty.*, 513 F. App'x 134, 137 (3d Cir. 2013) (observing that "[t]he Ninth Amendment does not independently provide a source of individual constitutional rights").  Thus, the amended complaint does not state a Ninth Amendment claim upon which relief can be granted.

**E. The Requests Made in Plaintiff's Letters Will Be Denied.**

Plaintiff has also sent the court three letters since receiving the second amended complaint. The first letter the court received on April 24, 2025, and alleges that Terry Kelly is tampering with his legal mail based on the repeated denials of his grievances at the final appeal to the Central Office. (Doc. 22.)

The second letter was received and docketed by the court on May 5, 2025, and it alleges that the Facility Manager at SCI-Mahanoy, Bernadette Mason, is violating his constitutional rights with no alleged facts. (Doc. 23.)

The third letter was received and docketed by the court on June 18, 2025, and requests that the court allow Plaintiff to email his brief in support of his civil action. (Doc. 24.)

Because the court is dismissing the complaint in this action, and nothing in these letters appears to relate to the alleged conduct raised in the complaint, the court will deny the requests made through these letters.

## CONCLUSION

For the above-stated reasons, the second amended complaint in this action will be dismissed pursuant to 28 U.S.C. § 1915A. Since Plaintiff has been provided three attempts to properly raise constitutional claims and he has not cured the pleading defects, his second amended complaint will be dismissed with prejudice and the case will be closed. An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 7, 2025